OPINION *Page 2 
{¶ 1} Appellant-mother, Kizzy Bonner, appeals the May 6, 2008, judgment entry of the Stark County Court of Common Pleas, Juvenile Division, which terminated her parental rights with respect to her two children, Damarcus Calhoun and Donte Bonner, and granted permanent custody of the children to appellee, the Stark County Department of Job and Family Services (hereinafter "SCDJFS").
 STATEMENT OF FACTS AND CASE {¶ 2} Appellant, Kizzy Bonner, is the biological mother of Damarcus Calhoun, whose date of birth is April 17, 2001, and Donte Bonner, whose date of birth is September 28, 2003. The alleged father of the children is Desmond Calhoun.
 {¶ 3} On October 12, 2006, Damarcus and Donte were placed in the emergency temporary custody of the SCDJFS.
 {¶ 4} On October 13, 2006, SCDJFS filed a complaint for dependency and neglect alleging appellant had been arrested for a probation violation after testing positive for cocaine. A shelter care hearing was held the same date and temporary custody to SCDJFS was continued.
 {¶ 5} On November 8, 2006, the trial court held an adjudicatory hearing. At the hearing, SCDJFS deleted the neglect allegation and appellant stipulated to dependency. After notice by publication, the alleged father failed to appear. Thereafter, the children were adjudicated dependent and a case plan was approved and adopted.
 {¶ 6} The case plan included services calculated to mitigate the concerns which led to the initial removal of the children with a goal toward reunification. Specifically, the case plan required appellant to complete a drug and alcohol assessment at Renew and *Page 3 
follow any recommendations, complete a parenting evaluation at Northeast Ohio Behavioral Health and follow any recommendations, and complete parenting classes at Goodwill Industries. Appellant was also required to provide random urine samples at Quest Recovery Services, receive psychiatric services at Trillium and obtain and maintain employment.
 {¶ 7} In October of 2007, the children were returned to appellant for an extended visit. During the visit, SCDJFS maintained temporary custody of the children.
 {¶ 8} On December 14, 2007, SCDJFS filed a motion to return the children to appellant with protective supervision. In the motion, SCDJFS stated, "[m]other continues to steadily address the case plan concerns." The matter was scheduled for hearing on January 10, 2008.
 {¶ 9} On January 10, 2008, appellant failed to appear for the hearing on the motion for return. In the entry filed after the hearing, the magistrate stated that since the children had been placed with appellant for an extended visit things had gone "down hill." The entry stated appellant missed urine tests, had a positive urine test, had an "inexcusable gap" in family counseling and appellant's housing was in jeopardy. The court further ordered the immediate removal of the children from appellant's custody unless appellant tested negative in a urine screen and could provide a safe place for her children to reside. The hearing was continued to February 19, 2008.
 {¶ 10} On January 23, 2008, appellant was incarcerated for a probation violation. As a result the children were placed in SCDJFS foster home.
 {¶ 11} On February 5, 2008, the court held a hearing wherein the court found appellant had been slipping with her case plan compliance. Specifically, the court found *Page 4 
appellant tested positive for drugs (marijuana), lost her employment and was not participating in substance abuse counseling.
 {¶ 12} On February 8, 2008, SCDJFS filed an "Amended Motion to Return with Protective Supervision to a Motion for Permanent Custody" pursuant to R.C. 2151.414. The motion for permanent custody was set for hearing on April 14, 2008.
 {¶ 13} On April 14, 2008, the court heard evidence on the motion for permanent custody. The alleged father of the children was served with notice of hearing by certified mail and failed to appear. At the hearing, SCDJFS presented the testimony of appellant as if on cross examination and the testimony of on-going case worker, LaShawn Hye.
 {¶ 14} Appellant testified she was currently incarcerated for a probation violation. She stated she has convictions for forgery and domestic violence. She stated her probation was terminated after she was found to be living with a felon and moved without the permission of her probation officer. She stated as the result of the violation her sentence of one and one half (1½) years was imposed. She stated she had a prior incarceration for thirty (30) days. She stated she has seven children. She stated three of the seven children are in the permanent custody of Hamilton County.[1] She stated she lost permanent custody of the children because she couldn't overcome her substance abuse. She testified that paternity of the two children in this case was never established and the alleged father is not involved in the children's lives. She testified she was not in a position to provide for her children and did not anticipate being in a position to provide for them in the near future. She admitted that while the children were placed in her care for an extended visit, she changed her residence without notifying SCDJFS and moved in with a convicted sex offender. *Page 5 
 {¶ 15} LaShawn Hye, an on-going family service worker for SCDJFS, testified that the children were picked up on October 12, 2006, and were placed by court order in the agency's temporary custody on November 8, 2006. She testified that the children have remained in the agency's temporary custody with an extended visit with mother prior to the filing of the motion for permanent custody. She stated the children have been in the temporary custody of the agency for more than twelve (12) of the last twenty-two (22) months. She stated that she had contact with the alleged father but he had made no effort to establish paternity or contact the children.
 {¶ 16} Hye testified that appellant completed some portions of her case plan including the Goodwill parenting course. She stated that for a period of time appellant was in compliance with drug and alcohol treatment and Renew services. She stated that, as a result of appellant's success, a plan to return the children to her care was discussed and an extended visit was granted to appellant.
 {¶ 17} Hye testified that, during the children's extended visit, appellant began to go down hill with her case plan compliance. She stated that appellant's social contacts became a concern. She stated appellant "slacked off" in her urine testing, had a positive urine test and missed appointments at Renew. She stated that appellant also failed to follow through with Damarcus' counseling appointments. She stated that, on two separate occasions, appellant changed residences without notification to SCDJFS. She stated that around January 20th appellant moved into a residence with a convicted felon. She stated that the agency also received reports the children were taken to drug houses. Hye testified that because of the case plan concerns and the lack of stable housing, the children were returned to agency care. *Page 6 
 {¶ 18} Hye testified that, in her opinion, appellant is not able to care for the children. She stated she did not believe appellant substantially complied with the case plan and believed the agency made reasonable efforts to reunify the children with appellant. She stated that the agency referred appellant to resources to try and provide her with assistance toward reunification including services to aid in obtaining appropriate housing and referrals to area churches for positive social support . She stated that appellant's history in Hamilton County included domestic violence and substance abuse. Finally, she testified it appeared appellant would not be released from incarceration until October of 2009.
 {¶ 19} In the best interest phase of the hearing, Hye testified that the children do not have medical or psychological problems. She stated that the children have speech problems which are being addressed in the school setting. She stated Demarcus has an anger issue which is being addressed through counseling. She stated the children are doing well in foster placement and are bonded to their foster parents. She stated the current foster parents are unable to adopt due to current health concerns. However, one of the children's interim foster families has expressed a desire to adopt both children.
 {¶ 20} Hye acknowledged the children are bonded to appellant but testified she believed the benefit of permanency outweighs any harm which would be caused by severing the bond. She stated that the children have been able to bond in their foster placements and respond well to a loving and nurturing environment. She stated, "they are some of the sweetest kids, that you'll probably ever meet. I mean the first time you meet them you just want to hug them, they just want to hug you." She stated the stability of a nurturing force will be important in their lives. *Page 7 
 {¶ 21} On May 6, 2008, the trial court granted SCDJFS's motion for permanent custody. In the entry the trial court found the children were in the custody of the agency for more than twelve months of the last twenty-two month period. The trial court further found that appellant admitted she could not care for her children. The court found that both parents failed to substantially comply with case plan objectives despite reasonable efforts on the part of SCDJFS. The trial court found that neither parent committed actions showing a willingness to provide an adequate permanent home for the children. For these reasons, the court found that the children could not be placed with either parent at the present time or in the foreseeable future. The trial court also found that a grant of permanent custody was in the best interest of the children.
 {¶ 22} It is from this judgment that appellant seeks to appeal, setting forth the following assignments of error.
 {¶ 23} "I. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILDREN CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 24} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTEREST OF THE MINOR CHILDREN WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE." *Page 8 
 I, II {¶ 25} Appellant's two assignments of error are related and shall be addressed together. In the first assignment of error, appellant argues that the trial court's finding, that the children could not and should not be placed with appellant, was against the manifest weight of the evidence. In the second assignment of error, appellant argues that the trial court erred in finding that permanent custody to SCDJFS was in the children's best interest. Appellant argues that this finding was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 26} "Permanent Custody" is defined as "[a] legal status that vests in a public children services agency or private child placing agency, all parental rights, duties and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." O.R.C. Section 2151 .011.
 {¶ 27} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118; In re: Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613.
 {¶ 28} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether *Page 9 
the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v. Schiebel (1990), 55 Ohio St.3d 71,74, 564 N.E.2d 54, 60; See also, C.E. Morris Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Schiebel, 55 Ohio St.3d at 74, 564 N.E.2d 54.
 {¶ 29} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273:
 {¶ 30} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
 {¶ 31} Moreover, deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 419,674 N.E.2d 1159; see, also, In re: Christian, Athens App. No. 04CA10,2004-Ohio-3146; In re: C.W., Montgomery App. No. 20140, 2004-Ohio-2040.
 {¶ 32} Pursuant to 2152.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to *Page 10 
grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 33} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable period of time or should not be placed with the child's parents. * * *
 {¶ 34} "(d) The child has been in the temporary custody of one or more public children service agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 35} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent":
 {¶ 36} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider *Page 11 
parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. * * *
 {¶ 37} "(16) Any other factors the court considers relevant."
 {¶ 38} A trial court may base its decision that a child cannot or should not be placed with a parent within a reasonable time upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See In re: William S. (1996),75 Ohio St.3d 95, 661 N.E.2d 738; In re: Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6; In re: Butcher (Apr. 10, 1991), Athens App. No. 1470.
 {¶ 39} The goal of any disposition of a child is a disposition which is in the best interest of the child. In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 17 OBR 469, 479 N.E.2d 257. This must be the primary and overriding concern in any child custody case. In re Higby (1992), 81 Ohio App.3d 466, 611 N.E.2d 403.
 {¶ 40} Pursuant to R.C. 2151.414(D), in determining the best interest of a child, the court shall consider all relevant factors, including but not limited to the following:
 {¶ 41} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 42} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; *Page 12 
 {¶ 43} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period ending on or after March 18, 1999;
 {¶ 44} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; * * *"
 {¶ 45} In the case at bar, the trial court made findings pursuant to R.C. 2151.414 (B)(1)(a) and R.C. 2151.414(B)(1)(d). Appellant has not challenged the trial court's finding that the children have been in the agency's custody for more than twelve of twenty-two consecutive months. R.C. 2151.414(B)(1)(d). The record established that since their removal on October 12, 2006, the children have been in the temporary custody of SCDJFS. This is a period in excess of twelve months of a twenty-two month period ending on or after March 18, 1999. This finding alone in conjunction with a best interest finding is sufficient to support the grant of permanent custody.
 {¶ 46} In addition, the evidence supported the trial court's conclusion that the child could not and should not be placed with either parent within a reasonable period of time. R.C. 2151.141(B)(1)(a). The evidence established the biological father had no contact with the children and failed to participate in the case plan.
 {¶ 47} The evidence further established appellant violated the terms of her probation and was serving a one and a half year term of incarceration. Appellant's probation violation was due to substance abuse and her relocation to an unapproved residence with a convicted felon. Appellant testified her residential companion at the *Page 13 
unapproved location was a convicted sex offender. Appellant testified she lost three children in Hamilton County, Ohio, due to her inability to overcome a substance abuse problem. Appellant further stated she was not in a position to care for her children at the present time or in the near future.
 {¶ 48} With regard to the children's best interest, the on-going caseworker testified that neither child suffers from any medical or psychological problems. She stated both children have a problem with speech development which is being addressed through the schools, and Damarcus has anger issues which are being addressed in counseling. She testified the children are placed together in agency foster care and are bonded to their foster family. She stated a temporary foster placement has expressed an interest in adopting the children. She stated that, although the children are bonded to appellant, the children have a tremendous ability to bond with other caretakers who provide a loving and nurturing environment. She stated that, for these two children, the benefit of permanency outweighed any harm which would be caused by severing the bond with appellant. She testified permanent custody to the agency was in the children's best interest.
 {¶ 49} The guardian ad litem filed a written report and was present at the hearing. In her written report, the guardian stated that permanent custody was in the children's best interest. At the hearing, the guardian orally reaffirmed that permanent custody was in the children's best interest.
 {¶ 50} For these reasons, we find that the trial court's determination that the children could not or should not be placed with either parent within a reasonable time was not against the manifest weight of the evidence. We further find that the trial court's *Page 14 
decision that permanent custody to Stark County Department of Job and Family Services was in the children's best interest was not against the manifest weight or sufficiency of the evidence.
 {¶ 51} Accordingly, appellant's first and second assignments of error are not well taken and are hereby overruled.
 {¶ 52} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
 Edwards, J., Hoffman, P.J., and Delaney, J., concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Certified copies of the Judgment Entries from Hamilton County were admitted into evidence.T.18. *Page 1