[Cite as *In re G.H.*, 2023-Ohio-420.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: G.H. & J.M. | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J.<br><br>Case Nos. 2022 CA 00061, 2022 CA 00062, 2022 CA 00074, & 2022 CA 00075<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Licking County Court of Common Pleas, Juvenile Division, Case Nos. F2019-0697 & F2019-0698 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 10, 2023 |
| APPEARANCES: | |

For Licking County Job & Family Services

JENNY WELLS
Licking County Prosecuting Attorney

J. BRANDON PIGG, ESQ.
ROBERT N. ABDALLA
Assistant Prosecuting Attorney's
20 S. Second Street
Newark, Ohio 43055

Guardian ad Litem

CAROLYNN FITTRO
193 Town Center Loop
Pataskala, Ohio 43062

For Mother C.M.

ROBIN LYN GREEN, ESQ.
P.O. Box 157
Newark, Ohio 43058

For Father J.M.

JERMAIN L. COLQUITT
33 W. Main Street – Suite #109
Newark, Ohio 43055

*Hoffman, P.J.*

{¶1} Appellant-mother, C.M., and Appellant-father, J.M., appeal the August 16, 2022 judgment entries of the Court of Common Pleas of Licking County, Ohio, Juvenile Division, terminating their parental rights and granting permanent custody of their two children to appellee, Licking County Job and Family Services.

## FACTS AND PROCEDURAL HISTORY

{¶2} On December 9, 2019, Appellee removed two children, G.M., born May 2018, and J.M., born November 2019, from their Parents' care pursuant to emergency ex parte orders of removal. Parents were involved in a domestically violent relationship and the home was in a deplorable condition. Parents each have developmental issues. By orders filed December 10, 2019, the children were placed in Appellee's emergency shelter care custody.

{¶3} On December 10, 2019, Appellee filed complaints alleging the children to be dependent. Adjudicatory and dispositional hearings before a magistrate were held on February 26, 2020. By decisions and judgment entries filed February 27, 2020, the trial court found the children to be dependent, and placed the children in Appellee's temporary custody.

{¶4} On May 7, 2021, Appellee filed motions for permanent custody of the children. Hearings before a magistrate were held on September 2, and 30, and November 29, 2021. By decisions filed December 30, 2021, the magistrate granted the motions for permanent custody. Mother filed objections, Father did not. By judgment entries filed August 16, 2022, the trial court denied Mother's objections and adopted the magistrate's

decisions with a modification to terminate all visitation and contact between Parents and the children.

{¶5}    Mother and Father each filed two appeals, one for each child, and this matter is now before this Court for consideration.

{¶6}    Mother's assignment of error in Case Nos. 2022 CA 00061 and 2022 CA 00062 is as follows:

"THE TRIAL COURT'S ENTRY GRANTING PERMANENT CUSTODY TO THE AGENCY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶7}    Father's assignments of error in Case Nos. 2022 CA 00074 and 2022 CA 00075 are as follows:

I. "LCDJFS DID NOT ENGAGE IN "REASONABLE CASE PLANNING" AND "DILIGENT EFFORTS" IN FACILITATING REUNIFICATION IN THIS CASE BECAUSE THE AGENCY FAILED TO CONDUCT A PSYCHOLOGICAL EVALUATION BEFORE FILING FOR PERMANENT CUSTODY, AND AFTER CONDUCTING THE PSYCHOLOGICAL THE AGENCY DID NOT FOLLOW THE RECOMMENDATION."

II. "THE TRIAL COURT'S DECISION GRANTING PERMANENT CUSTODY OF J.M. AND G.M. IS NOT SUPPORTED BY CLEAR AND

CONVINCING EVIDENCE. THE AGENCY DID NOT PROVE THAT GRANTING THE MOTION WAS IN THE CHILD'S BEST INTEREST."

{¶8} These cases come to us on the expedited calendar and shall be considered in compliance with App. R. 11.2(C).

MOTHER'S APPEALS

{¶9} In her sole assignment of error, Mother claims the trial court's decision to grant permanent custody of the children to Appellee is against the manifest weight of the evidence. We disagree.

{¶10} At the outset, we note Mother has failed to comply with App.R. 16(A)(7). Said rule requires the brief of the appellant to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In her one-page argument at page four of her brief, Mother argues in conclusory fashion, "The Appellant believes that portions of the transcript show that not all the essential elements of this case were found against her. The manifest weight of the evidence is in the favor of Appellant and thus the trial court's decision should be reversed." (Emphasis sic). Mother does not point to any portions of the transcript nor specify which element(s) have not been found against her.

{¶11} Mother further argues at page four: "It is the Appellant's request that The Fifth District Court of Appeals review the entire record and transcript of the cases and determine independently as to whether the lower Court's Entry granting permanent custody is against the manifest weight of the evidence presented at trial." It is this Court's

function to review the record before us in order to consider the arguments presented by the parties. Mother's "argument" is a broad generalization without any specifics. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." *Cardone v. Cardone,* 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶12} Notwithstanding the failure to follow App.R. 16(A)(7) and provide this Court with substantive argument and support, we find the trial court's decision is not against the manifest weight of the evidence pursuant to R.C. 2151.414(B)(1)(d). Said section states permanent custody may be granted if the trial court determines, by clear and convincing evidence, that it is in the best interest of the child and "[t]he child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *. For the purposes of R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home."

{¶13} The children were removed from the home on December 9, 2019, sixty days following removal was February 7, 2020, the children were adjudicated and placed in Appellee's temporary custody on February 27, 2020, and the motion for permanent custody was filed on May 7, 2021. As found by the trial court, the children have been in Appellee's custody for over twelve months of a consecutive twenty-two-month period. R.C. 2151.414(B)(1)(d). This finding alone, in conjunction with a best interest finding, is

sufficient to support the grant of permanent custody. *In re Calhoun,* 5th Dist. Stark No.

2008 CA 00118, 2008-Ohio-5458, ¶ 45.

**{¶14}** As for best interests pursuant to R.C. 2151.414(D), the trial court's findings

are amply supported in the record. T. at 266-282, 376, 429-432.

**{¶15}** Upon review, we find sufficient clear and convincing evidence to support the

trial court's decision to terminate Mother's parental rights and grant Appellee permanent

custody of the children.

**{¶16}** Mother's sole assignment of error is denied.

### FATHER'S APPEALS

**{¶17}** In his first assignment of error, Father claims Appellee did not engage in

reasonable case planning and diligent efforts in facilitating reunification.

**{¶18}** In his second assignment of error, Father claims the trial court's decision to

grant permanent custody of the children to Appellee is not supported by clear and

convincing evidence and Appellee did not prove the best interests of the children would

be best served by granting permanent custody to Appellee.

**{¶19}** We disagree with both assignments of error.

**{¶20}** At the outset, we note Father failed to object to the magistrate's decision.

Juv.R. 40 governs magistrates. Subsection (D)(3)(b)(iv) states: "Except for a claim of

plain error, a party shall not assign as error on appeal the court's adoption of any factual

finding or legal conclusion, whether or not specifically designated as a finding of fact or

conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding

or conclusion as required by Juv.R. 40(D)(3)(b)."

**{¶21}** Plain error is defined in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."

**{¶22}** Father did not make any arguments claiming plain error. "Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights." *A.A. v. F.A.,* 5th Dist. Delaware No. 18 CAF 10 0079, 2019-Ohio-1706, ¶ 22, citing *State v. Benitez-Maranon*, 9th Dist. Summit No. 26461, 2014-Ohio-3575, ¶ 7.

**{¶23}** As found in Mother's appeal, the children have been in Appellee's temporary custody for over twelve months of a consecutive twenty-two-month period. R.C. 2151.414(B)(1)(d). In addition, the trial court's findings as to best interests pursuant to R.C. 2151.414(D), are amply supported in the record.

**{¶24}** We do not find either of Father's assignments of error to rise to the level of plain error.

**{¶25}** Upon review, we find sufficient clear and convincing evidence to support the trial court's decision to terminate Father's parental rights and grant Appellee permanent custody of the children.

{¶26}  Father's Assignments of Error I and II are denied.

{¶27}  The judgments of the Court of Common Pleas of Licking County, Ohio,

Juvenile Division are hereby affirmed.

By: Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur