OPINION
{¶ 1} Appellant, Donald Hall, appeals from a final judgment of the Trumbull County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} In January 1992, Hall was indicted on three counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(1)(b) and2907.02(A)(2). Each count carried a sentence of life imprisonment. Hall pled not guilty by reason of insanity, and a *Page 2 
competency examination was administered. Later, Hall was indicted on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4).
 {¶ 3} The trial court found Hall competent to stand trial on September 18, 1992. Hall subsequently withdrew his not guilty by reason of insanity plea and entered a plea of guilty to an amended indictment charging him with three counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. Pursuant to the plea agreement, the charge of gross sexual imposition was nolled.
 {¶ 4} Hall, on November 5, 1992, was sentenced to an indefinite term of incarceration of ten to 25 years on each of the three counts, to run concurrent to each other. After sentencing, Hall filed a petition to vacate and set aside sentence. The trial court denied Hall's motion.
 {¶ 5} Then, in May 1997, Hall filed a motion to withdraw his guilty plea. Again, in September 1999, Hall filed another motion to withdraw his guilty plea. Both motions alleged ineffective assistance of counsel and that the guilty plea was involuntarily made because appellant was under the influence of "mind-altering" drugs at the time he entered the plea. The trial court determined that both motions were barred by res judicata as a result of the findings of fact and conclusions of law filed by the trial court on December 30, 1996.
 {¶ 6} On February 7, 2001, Hall filed a delayed appeal challenging the trial court's denial of his motion to withdraw his guilty plea; this court dismissed the appeal due to his failure to prosecute his claim.
 {¶ 7} On September 14, 2001, Hall moved to withdraw his guilty plea due to "new evidence of manifest injustice." In said motion, Hall alleged ineffective assistance *Page 3 
of counsel and that his plea was not knowingly and voluntarily made. The trial court denied Hall's motion on the basis of res judicata, and he subsequently appealed the decision to this court. This court, inState v. Hall, 11th Dist. No. 2001-T-0124, 2002-Ohio-4704, affirmed the decision of the trial court noting that while Hall alleges his motion to withdraw his guilty plea is based on "new evidence," he has previously raised both of these claims in his petition to vacate or set aside sentence. Therefore, the trial court did not err in finding Hall's claims were barred by the doctrine of res judicata. Id. at ¶ 35.
 {¶ 8} Again, in June 2003, Hall filed a motion to withdraw his guilty plea. The trial court denied Hall's motion; he appealed to this court. In State v. Hall, 11th Dist. No. 2003-T-0114, 2004-Ohio-6471, at ¶ 32, this court stated that "in the interests of justice, and because appellant is acting pro se, we will construe the crux of appellant's argument as a challenge to the constitutionality of the new parole guidelines as applied." Further, this court determined that although the trial court erred by applying the doctrine of res judicata to Hall's motion to withdraw his plea, his motion to withdraw his plea was not the proper vehicle for challenging the "constitutionality of the parole guidelines as applied and to compel the parole board to classify him pursuant to Layne." Id. at ¶ 58. Accordingly, this court affirmed the judgment of the trial court.
 {¶ 9} On July 13, 2006, Hall filed another motion to withdraw his guilty plea. The trial court denied Hall's motion to withdraw his guilty plea on February 12, 2007. Hall appealed to this court.
 {¶ 10} On March 5, 2007, appellee, state of Ohio, moved to dismiss Hall's appeal since he did not attach a copy of the judgment entry being appealed. See *Page 4 
Loc. R. 3(D)(3) of the Eleventh District Court of Appeals. On April 5, 2007, appellee renewed its motion to dismiss the appeal, incorporating the argument enumerated in its March 5, 2007 motion and further stating that Hall failed to serve appellee with a copy of his brief. See App. R. 13(B). This court, on April 16, 2007, overruled said motions and granted appellee leave to file its brief.
 {¶ 11} While Hall has filed a lengthy brief, he has failed to comply with the briefing requirements as stated in App. R. 16(A). Although Hall is proceeding pro se, he is still responsible for complying with appellate rules. Pursuant to App. R. 16(A)(3), a brief shall contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Nonetheless, in the interest of justice, we will attempt to address each argument presented in Hall's brief.
 {¶ 12} Crim. R. 32.1 governs the withdrawal of a plea. Crim. R. 32.1 provides:
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} Therefore, after sentencing, a defendant has the burden of demonstrating the existence of manifest injustice to withdraw a guilty or no contest plea. State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. "The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe."State v. Wynn (1998), 131 Ohio App.3d 725, 728. (Citation omitted.) Since Hall filed his motion *Page 5 
to withdraw his guilty plea after he was sentenced, he bore the substantial burden of demonstrating the existence of a manifest injustice. Crim. R. 32.1.
 {¶ 15} On a post-sentence motion to withdraw a guilty plea, the decision of the trial court will not be disturbed absent an abuse of discretion. Smith, supra, at paragraph two of the syllabus. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 16} In order to support his position that the trial court erred in denying his Crim. R. 32.1 motion to withdraw his guilty plea, Hall asserts (1) the new parole guidelines, as applied, are unconstitutional; (2) ineffective assistance of counsel; and (3) he was under the influence of "mind-altering" drugs at the time he pled guilty to the rape charges.
 {¶ 17} We find all of Hall's arguments to be repetitious. With respect to ineffective assistance of counsel and the assertion he was under the influence of "mind-altering" drugs at the time he pled guilty to the rape charges, these arguments have been raised and rejected numerous times since Hall began filing motions in 1996. In fact, this court has previously held these arguments to be without merit. State v. Hall, 11th Dist. No. 2001-T-0124, 2002-Ohio-4704, at ¶ 1-37. Since Hall has, on frequent occasions, addressed these two claims presented in the instant appeal, he was precluded from raising the same issues in a subsequent Crim. R. 32.1 motion. Under these circumstances, these issues are barred by the doctrine of res judicata.
 {¶ 18} As to Hall's arguments regarding the unconstitutionality of the new parole guidelines, this court has previously stated, "[a]ppellant's motion to withdraw his plea is *Page 6 
not a valid remedy to challenge the constitutionality of the parole guidelines as applied to compel the parole board to classify him pursuant to Layne." State v. Hall, 11th Dist. No. 2003-T-0114,2004-Ohio-6471, at ¶ 58. Therefore, this argument propounded by Hall is without merit.
 {¶ 19} In his brief, Hall also contends the trial court erred when it overruled his motion to strike the presentence investigation report ("PSI") from the record filed on November 30, 2006 and his motion to strike the victim's impact statements.
 {¶ 20} Hall contends that errors are contained in his PSI. Hall has continuously presented this claim to the trial court. Upon a review of the file, we find that Hall raised this same argument in his "summary judgment for defendant motion filed February 9, 2001 to adjust, modify defendants [sic] sentence for violation of the due process of law at sentencing," filed March 27, 2001. The trial court, on March 29, 2001, found Hall's request to be without merit and dismissed it without a hearing. Hall appealed the decision and, on May 24, 2001, this court dismissed Hall's appeal for failure to prosecute. Again, on April 29, 2005, Hall asserted this same argument in his "reconsideration for judicial release/shock," and on September 7, 2006 in his "in the alternative of defendant's motion to strike defendant's reply to the state's opposition to defndant's [sic] July 13, 32.1 motion." The trial court denied both motions.
 {¶ 21} Hall's current argument is barred by the doctrine of res judicata. Hall raised this issue when he appealed the March 29, 2001 decision of the trial court; this court dismissed his appeal for failure to prosecute. As stated by Justice Stratton in Ameigh v. BaycliffsCorp. (1998), 81 Ohio St.3d 247, 256 (Stratton, J., dissenting),"[r]es judicata attaches when a case is dismissed for failure to prosecute." Citing Civ. R. 41(B) *Page 7 
and Rice v. Westlake (June 15, 1989), 8th Dist. No. 55424, 1989 Ohio App. LEXIS 2365. Furthermore, even if we determined that a dismissal for failure to prosecute did not bar the claim since Hall "was acting pro se throughout the relevant parts of the proceedings," as this court concluded in State v. Hall, supra, this argument is still barred by res judicata, because Hall had the opportunity to raise the issue when he appealed the denial of his motion of June 2003 to withdraw his guilty plea. State v. Hall, 11th Dist. No. 2003-T-0114, 2004-Ohio-6471. "[Principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally."Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus.
 {¶ 22} Hall also alleges the trial court erred when it overruled his motion to strike the victim's impact statements. In order to support his argument, Hall claims the "victim impact letter is not evidence that defendant commited [sic] a crime because it is not stated what act [the victim] is alleging hurt him."
 {¶ 23} Hall is mistaken as to the purpose of the victim impact statement. In fact, the purpose of the victim impact statement, under R.C. 2947.051(B), is to inform the court regarding "any economic loss suffered by the victim as a result of the offense," to "identify any physical injury suffered by the victim as a result of the offense," and to make available "any other information related to the impact of the offense upon the victim that the court requires." R.C. 2947.051 orders the preparation of a victim impact statement where the offender pleads guilty to a felony and, "in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to *Page 8 
the victim of the offense," as in the instant case. Consequently, Hall's argument is without merit.
 {¶ 24} Based on the foregoing, we affirm the judgment of the trial court.
 DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur. *Page 1