[Cite as *Hull v. Hull*, 2012-Ohio-970.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DIANA HULL NKA ORMAN | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011CA00155 |
| RICHARD HULL | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court of
Common Pleas, Domestic Relations Case
No. 2002DR00593

JUDGMENT:    AFFIRMED

DATE OF JUDGMENT ENTRY:    February 27, 2012

APPEARANCES:

For Appellant:

ARNOLD F. GLANTZ
4883 Dressler Rd. NW
Canton, OH 44718

For Appellee:

DAVID S. AKE
101 Central Plaza South
Suite 600
Canton, OH 44702

*Delaney, J.*

{¶1}  Plaintiff-Appellant Diana Orman appeals the June 16, 2011 decision of the Stark County Court of Common Pleas, Domestic Relations Division.  Defendant-Appellee is Richard Hull.

## STATEMENT OF THE FACTS AND CASE

{¶2}  The parties were divorced through a Nunc Pro Tunc Judgment Entry of Divorce on January 15, 2003.  There was one child born as issue of the marriage, I.H., born September 26, 1998.  The divorce decree named Appellant as the residential parent.

{¶3}  On April 1, 2010, Appellee filed a Motion for Change of Custody or Granting of Shared Parenting.  A guardian ad litem was appointed for I.H. on April 27, 2010.

{¶4}  A hearing was set on the motion on June 15, 2011.  At the hearing before the magistrate, the parties did not present any evidence or exhibits other than the GAL written report and recommendations filed on June 15, 2011 and Stipulations of Fact, which were read into the record.  The stipulations, as relevant to this appeal, were as follows: (1) Appellee is not the biological father of I.H.; (2) Appellee did not appear at the final divorce hearing; (3) Appellant testified at the final divorce hearing one child was born as issue of the marriage; (4) the GAL did not allege Appellant was unsuitable or an unfit parent to I.H.; (5) no custody determination had been made regarding I.H. since the final divorce decree; and (6) the parties stipulate to the GAL report as filed.

{¶5}   The GAL report recommended it was in I.H.'s best interest that Appellee be named the residential parent and legal custodian.

{¶6}   On June 15, 2011, the magistrate issued an order stating she would take the issue of custody under advisement.

{¶7}   The magistrate's decision, filed on June 16, 2011, recommended it was in the child's best interest that custody be granted to Appellee.

{¶8}   The magistrate's decision contained the Civ.R. 53 language noting that a party could file written objections to the order within fourteen days of the filing of a final decision.

{¶9}   Beneath the Civ.R. 53 statement, there included the following language with the trial court judge's signature on June 16, 2011:

{¶10} "The Court, having made an independent analysis of the issues and the applicable law, hereby approves and adopts the Magistrate's Decision and orders it to be entered as a matter of record."

{¶11} The record shows that Appellant did not file written objections to the magistrate's decision but filed a direct appeal of the June 16, 2011 decision.

{¶12} Appellant raises two Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO APPLY THE UNSUITABILITY TEST BEFORE CHANGING CUSTODY OF [I.H.] FROM HIS BIOLOGICAL MOTHER TO A NONPARENT.

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THERE WAS A CHANGE OF CIRCUMSTANCES WARRANTING A CHANGE OF CUSTODY."

{¶15} Before we reach the merits of Appellant's appeal, we first address Appellee's argument that Appellant did not file objections to the magistrate's decision before filing her appeal of the magistrate's decision, thereby waiving her arguments on appeal.

{¶16} Under Civ.R. 53(D)(3)(b)(i), a party may file written objections to a magistrate's decision within fourteen days of the filing of the decision. In this case, the decision was filed on June 16, 2011. The trial court judge, however, approved and adopted the magistrate's decision on the same day. This is permissible under Civ.R. 53(D)(4)(e)(i), which states "[a] court may enter judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired."

{¶17} The immediate signature by the trial court judge approving and adopting the magistrate's decision does not bar the parties from filing written objections to the magistrate's decision. *See Wood Manor Furniture, Inc. v. Miken, Inc.*, 5th Dist. No. 2000CA00024, 2000 WL 1158752 (Aug. 14, 2000). "If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(D)(4)(e)(i).

{¶18} Under Civ.R. 53, regardless of the timeframe of the judge's approval and adoption of the magistrate's decision, written objections to the magistrate's decision are necessary to preserve the issues for appeal. Civ.R. 53(D)(3)(b)(iv) states,

"[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion required by Civ.R. 53(D)(3)(b)."

{¶19} In this case, the June 16, 2011 magistrate's decision contains findings of facts and conclusions of law upon which Appellant bases her current appeal. The trial court's immediate approval and adoption of the magistrate's decision does not obviate the need for written objections to the magistrate's decision so that Appellant can assign as error on appeal the trial court's adoption of that finding or conclusion, absent plain error. *In re J.K.*, 4th Dist. No. 11CA3269, 2012-Ohio-214.

{¶20} Accordingly, we review Appellant's Assignments of Error under the plain error doctrine. "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997).

## I.

{¶21} Appellant argues in her first Assignment of Error the trial court applied the incorrect legal standard in determining the custody of I.H. The trial court utilized R.C. 3109.04 and the best interest of the child standard to determine whether to modify the divorce decree allocating parental rights to Appellant. R.C. 3109.04(E)(1) states:

{¶22} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.  In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶23} "***

{¶24} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶25} Appellant states the trial court should have made an unsuitability determination, rather than considering the best interests of the child, because the custody dispute is between a natural parent and a nonparent.  The parties stipulated Appellee is not the biological father of I.H.  Appellant cites to *In re Perales*, 52 Ohio St.2d 89, 369 N.E.2d 1047 (1977), for the holding that in a custody dispute between a parent and nonparent, the juvenile court must make a determination of parental unsuitability before awarding custody to a nonparent in a legal custody proceeding. *Id.* at syllabus.

{¶26} Upon review of the proceedings in this case, we find the trial court utilized the correct standard for determining custody.  Child custody disputes under Ohio law fall within the coverage of one of two statutes, depending on the

circumstances – R.C. 3109.04 and 2151.23. *In re Hockstock*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶13. R.C. 2151.23(A)(2) grants juvenile courts exclusive original jurisdiction "to determine custody of any child not a ward of another court of this state." *Id.* at ¶15. R.C. 3105.011 gives domestic relations courts the jurisdiction "appropriate to the determination of all domestic relations matters." *Id.* at ¶14. R.C. 3109.04 dictates the rules and procedures for domestic relations courts to follow in child custody cases. *Id.*

{¶27} Irrespective of Appellant's arguments as to the parental status of Appellee, the present custody dispute arises from a divorce proceeding under the jurisdiction of the domestic relations court through R.C. 3109.04. R.C. 3109.04(A) provides that "in any proceeding pertaining to the allocation of parental rights and responsibilities for the care of a child, * * * the court shall allocate the parental rights and responsibilities for the care of the minor children *of the marriage.*" (Emphasis added.) In the divorce decree between Appellant and Appellee, the decree stated I.H. was born as issue of the marriage. Accordingly, a custody determination pursuant to R.C. 3109.04 is applicable to the present case because the custody question arises from a domestic relations matter. The trial court correctly utilized the best interests of the child standard found in R.C. 3109.04. *In re Hockstock* at ¶26.

{¶28} Appellant's first Assignment of Error is overruled.

**II.**

{¶29} Appellant argues in her second Assignment of Error the trial court abused its discretion in finding there was a change of circumstances warranting the change of custody. We disagree.

{¶30} In the case of *In the Matter of McLaughlin Children,* 5th Dist. No. 2002-CA-00316, 2003-Ohio-761, this Court held a trial court has broad discretion in matters concerning the allocation of parental rights and responsibilities and we will not disturb its decision on appeal absent an abuse of discretion. *Masters v. Masters*, 69 Ohio St.3d 83, 85, 630 N.E.2d 655 (1994). Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶31} The trial court found there had been a change of circumstances warranting a change in custody. The magistrate's decision found "the child's relationship with his parents has changed, his relationship with Plaintiff and stepfather is strained, and he does not feel included in Plaintiff's family. Plaintiff has remarried and has two children from that marriage." (Magistrate's Decision, June 16, 2011.)

{¶32} Because Appellant failed to file written objections to the magistrate's findings of fact, Appellant cannot assign this as an error for appeal, other than under plain error review.

{¶33} Considering the standard set under *Goldfuss*, we find no substantial error or exceptional example of abuse of discretion in the trial court's determination as to the change of circumstances.

{¶34} Appellant's second Assignment of Error is overruled.

{¶35} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS

[Cite as *Hull v. Hull*, 2012-Ohio-970.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DIANA HULL NKA ORMAN | : | |
| | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RICHARD HULL | : | |
| | : | |
| | : | Case No. 2011CA0155 |
| Defendant-Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS