[Cite as *State v. Benitez-Maranon*, 2014-Ohio-3575.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

RAUL BENITEZ-MARANON

    Appellant

C.A. Nos.    26461
                26659

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 11 08 2249

DECISION AND JOURNAL ENTRY

Dated: August 20, 2014

BELFANCE, Presiding Judge.

{¶1}    Raul Benitez-Maranon appeals from his conviction in the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}    Mr. Benitez-Maranon was indicted for aggravated murder and murder for killing Jerry Laury. Both counts had underlying firearm specifications. Mr. Benitez-Maranon pleaded guilty to aggravated murder along with the underlying firearm specification, and the remaining count was dismissed. The trial court sentenced Mr. Benitez-Maranon to an aggregate term of 33 years to life in prison.

{¶3}    Mr. Benitez-Maranon filed a motion for delayed appeal, which was granted, and has raised four assignments of error for our review. For ease of discussion, we have rearranged his assignments of error.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT FAILED TO ENSURE THAT MR. BENITEZ-MARANON WAS PROVIDED WITH A QUALIFIED INTERPRETER[.]

{¶4}   In his second assignment of error, Mr. Benitez-Maranon argues that the trial court committed plain error because it failed to ensure that he was provided with a qualified interpreter.

{¶5}   To establish plain error,[1]

> "[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights * * *' [to the extent that it] * * * affected the outcome of the trial."

*State v. Hardges*, 9th Dist. Summit No. 24175, 2008-Ohio-5567, ¶ 9, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶6}   According to Mr. Benitez-Maranon, the plain error in this case is that "there is absolutely no indication that the interpreter was qualified or that the Court made any inquiry regarding the qualifications of the interpreter." R.C. 2311.14(A)(1) provides,

> Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person. Before appointing any interpreter under this division for a party or witness who is a mentally retarded person or developmentally disabled person, the court shall evaluate the qualifications of the interpreter and shall make a determination as to the ability of the interpreter to effectively interpret on behalf of the party or witness that the interpreter will assist, and the court may appoint the interpreter only if the court is

---

[1] Mr. Benitez-Maranon has not suggested that the trial court's failure to qualify his interpreter should be analyzed under any standard other than plain error.

satisfied that the interpreter is able to effectively interpret on behalf of that party or witness.

Pursuant to R.C. 2311.14(B), "Before entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and that the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability." *See also* Evid.R. 604 ("An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation.").[2]

{¶7}   In this case, the trial court administered the oath required by R.C. 2311.14(B) on the record, but the record is silent as to whether there was any inquiry concerning the interpreter's qualifications.  Mr. Benitez-Maranon, however, suggests that the trial court was not only required to investigate and determine that the interpreter was qualified, its inquiry and determination must be reflected in the record.  He also argues that the trial court committed plain error in failing to expressly qualify the interpreter pursuant to R.C. 2311.14(A).  However, Mr. Benitez-Maranon has not pointed to anything in the record or to legal authority that suggests that R.C. 2311.14(A) applied in this case.[3]   In addition, assuming that R.C. 2311.14(A) was applicable to Mr. Benitez-Maranon, he has not provided legal authority that a trial court commits plain error if there is no indication in the record that the court evaluated the qualifications of the interpreter.[4]  Hence, to the extent that Mr. Benitez-Maranon's plain error argument is premised

---

[2] Sup.R. 88, which governs the appointment of foreign language or sign language interpreters, became effective after Mr. Benitez-Maranon had pleaded guilty and been sentenced.
[3] On its face, R.C. 2311.14(A) only requires the trial court to examine the qualifications of the interpreter and make a determination about those qualifications when the "party or witness [] is a mentally retarded person or developmentally disabled person[.]"
[4] To the extent that Mr. Benitez-Maranon's argument is premised on the absence of any determination that the interpreter was qualified, we note that this argument would be necessarily premised upon facts that are outside of the record in this case.

upon the existence of a plain legal error, he has failed to develop his argument. *See* App.R. 16(A)(7). Likewise, Mr. Benitez-Maranon has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected Mr. Benitez-Maranon's substantial rights. *See Hardges* at ¶ 9; App.R. 16(A)(7).

{¶8} Accordingly, based upon Mr. Benitez-Maranon's limited argument, his second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY NOT HAVING THE APPELLANT PLEAD SEPARATELY TO THE AGGRAVATED MURDER CHARGE AND TO THE GUN SPECIFICATION AS REQUIRED BY CRIMINAL RULE 11(C)(3).

{¶9} Mr. Benitez-Maranon argues in his third assignment of error that the trial court committed reversible error by having him plead guilty to aggravated murder and the underlying firearm specification together rather than separately. We disagree.

{¶10} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Internal quotations and citations omitted.) *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 9. "Crim.R. 11 was adopted in 1973 to give detailed instructions to trial courts on the procedures to follow before accepting pleas of guilty or no contest." *Id*.

{¶11} Mr. Benitez-Maranon does not dispute that the trial court's plea colloquy complied with the requirements of Crim.R. 11(C)(1)-(2). Instead, he argues that the trial court failed to comply with the requirement in Crim.R. 11(C)(3) that, "[w]ith respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any." However, Mr. Benitez-Maranon does not cite any

authority or develop any argument to support his assertion that Crim.R. 11(C)(3) would apply in a case such as this where there is no capital-punishment specification. *See* Crim.R. 11(C)(3) (requiring a three-judge panel to convene in cases where an indictment "contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge * * *"). *See also State ex rel. Henry v. McMonagle*, 87 Ohio St.3d 543, 545 (2000) (noting that the three-judge requirement in R.C. 2945.06 and Crim.R. 11(C)(3) only applies when a defendant is charged with an offense that is punishable by death and, therefore, neither requires a three-judge panel accept a guilty plea if the death penalty is no longer a possible sentence.). Instead, his reference to the applicability of Crim.R. 11(C)(3) is conclusory. *See* App.R. 16(A)(7).

{¶12} Accordingly, in light of the limited argument before us and the apparent inapplicability of Crim.R. 11(C)(3) because no capital specification existed in this case, his third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT FAILED TO COMPLY WITH ORC § 2929.19[.]

{¶13} In Mr. Benitez-Maranon's fourth assignment of error, he argues that his sentence must be vacated because the trial court failed to give the notification required by R.C. 2929.19(B)(2)(f) and because it did not tell him that his sentence was mandatory.

**"MANDATORY" SENTENCE**

{¶14} Mr. Benitez-Maranon argues that the trial court failed to inform him that his sentence was mandatory as required by R.C. 2929.19(B)(2)(a),[5] which provides that, "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required,

---

[5] In his brief, Mr. Benitez-Maranon incorrectly refers to R.C. 2929.19(B)(1) for this proposition.

the court shall * * * [i]mpose a stated prison term and, if the court imposes a mandatory prison term, notify the offender that the prison term is a mandatory prison term." In this case, the trial court did not expressly notify Mr. Benitez-Maranon that the prison term for aggravated murder was mandatory. Instead, it said that "Mr. Benitez-Maranon will spend the next 30-plus years in prison." The trial court also said that it was "imposing a life sentence with parole eligibility – which is not the same thing as getting parole – after 30 years * * *." Finally, the trial court informed Mr. Benitez-Maranon, "So, that is my sentence. It is three years, plus life * * * with the possibility of parole after 30 years. So 33 years is your first opportunity to go to the Parole Board." We agree that, although the trial court clearly conveyed the content of its sentence to Mr. Benitez-Maranon, it did not inform him that the sentence was mandatory.

{¶15} R.C. 2929.19(B)(7) provides that "[t]he failure of the court to notify the offender that a prison term is a mandatory prison term pursuant to division (B)(2)(a) of this section or to include in the sentencing entry any information required by division (B)(2)(b) of this section does not affect the validity of the imposed sentence or sentences." Thus, pursuant to this section, upon failure to comply with R.C. 2929(B)(2)(a), it appears that the remedy would be to require the trial court to provide the notification. However, contrary to his suggestion, Mr. Benitez-Maranon's sentence would not be vacated. Accordingly, it is appropriate to remand the matter to the trial court to provide the notification set forth in R.C. 2929.19(B)(2)(a).

**R.C. 2929.19(B)(2)(f)**

{¶16} R.C. 2929.19(B)(2)(f) provides that,

[s]ubject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [r]equire that the offender not ingest or be injected with a drug of abuse and submit to random drug testing as provided in section 341.26, 753.33, or 5120.63 of the Revised Code, whichever is applicable to the offender who is serving a prison term, and require that the results of the drug test administered under any of

those sections indicate that the offender did not ingest or was not injected with a drug of abuse.

Thus, R.C. 2929.19(B)(2)(f) mandates that the trial court order drug testing and order a defendant to not use drugs in prison.  However, while the trial court did not do so in this case, Mr. Benitez-Maranon has not explained why the trial court's oversight requires the complete vacation of his sentence, nor has he cited any authority to that effect.  *See* App.R. 16(A)(7). *See also State v. Culgan*, 9th Dist. Medina No. 09CA0060-M, 2010-Ohio-2992, ¶ 18-20.

{¶17}  However, to the extent that Mr. Benitez-Maranon argues that the trial court erred when it failed to order him to not use drugs and to submit to random drug testing, his assignment of error is sustained.  On remand, the trial court shall comply with the requirements of R.C. 2929.19(B)(2)(f).

{¶18}  Mr. Benitez-Maranon's fourth assignment of error is sustained in part and overruled in part.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ASSESSING ATTORNEY FEES AND COSTS AGAINST DEFENDANT WITHOUT INFORMING DEFENDANT AT HIS SENTENCING OR MAKING AN "ABILITY-TO-PAY" FINDING AS REQUIRED UNDER O.R.C. §§ 2947.23 AND 2941.51(D)[.]

{¶19}  Mr. Benitez-Maranon argues in his first assignment of error that the trial court committed reversible error when it failed to determine whether he was able to pay prior to imposing court costs and attorney fees.  He also argues that the trial court failed to give him the proper notice under R.C. 2947.23 that he could be required to perform community service if he failed to pay the court costs.  The State concedes that the trial court erred, and we agree.

{¶20}  Under R.C. 2941.51(D),

[t]he [attorney] fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the

person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay.

Thus, "[t]he court must make a determination that the defendant is financially capable of paying for his appointed counsel before assessing court-appointed attorney fees." (Internal quotations and citations omitted.) *State v. Malone*, 9th Dist. Lorain No. 09CA009732, 2010-Ohio-5658, ¶ 11. The trial court did not make any finding regarding Mr. Benitez-Maranon's ability to pay; in fact, the trial court did not mention attorney fees or court costs at all at the sentencing hearing. Therefore, the trial court's imposition of court costs and attorney fees must be reversed. *See State v. Walters*, 9th Dist. Summit No. 25391, 2011-Ohio-6247, ¶ 35.

{¶21} Turning to Mr. Benitez-Maranon's argument that the trial court failed to comply with former R.C. 2947.23(A)(1), he is correct that former R.C. 2947.23 "required trial courts to advise defendants of the foregoing community service notifications at their sentencing hearings." *State v. Eader*, 9th Dist. Summit No. 26762, 2013-Ohio-3709, ¶ 19. Failure to comply with the requirements of former R.C. 2947.23(A)(1) constitutes reversible error. *Id*. Accordingly, Mr. Benitez-Maranon is correct that the matter must be remanded so that the trial court can comply with the notice requirements of R.C. 2947.23.

{¶22} Mr. Benitez-Maranon's first assignment of error is sustained.

III.

{¶23} Mr. Benitez-Maranon's first assignment of error is sustained, and his fourth assignment of error is sustained in part. His remaining assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

9

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.


EVE V. BELFANCE
FOR THE COURT


WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

ANDREA L. WHITAKER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.