[Cite as *A.A. v. F.A.*, 2019-Ohio-1706.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| A. A., | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| F.A., | : | Case No. 18 CAF 10 0079 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
Court of Common Pleas, Domestic
Relations Division, Case No. 14 DR
A 010028

JUDGMENT:        Affirmed

DATE OF JUDGMENT:        May 3, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MATTHEW M. NIERMAN                F. A.
Nierman Law LLC                      Pro Se
1391 W 5th Avenue, Unit 448        8155 Appleridge Drive
Columbus, Ohio 43212              Lewis Center, Ohio 43035

*Baldwin, J.*

**{¶1}**   F.A., Mother, appeals the decision of the Delaware County Court of Common Pleas denying her motion to Modify Decree of Divorce and for a Change in Allocation of Parental Rights and Responsibilities.  Appellee is Father, A. A.

**{¶2}**   At all times during these proceedings, Mother appeared pro se. As we noted in our prior decision in this matter, she is bound by the same rules and procedures as litigants who retain counsel. *A. A. v. F. A.,* 5th Dist. Delaware No. 17 CAF 12 0078, 2018-Ohio-3376, ¶ 26.

### STATEMENT OF FACTS AND THE CASE

**{¶3}**   Appellant filed a motion to reallocate parental rights and responsibilities on March 16, 2018, less than four months after the decree of divorce, journalized on November 28, 2017, awarded custody to appellee.  Appellant focused on the children's school attendance and performance as well as appellee's purported financial difficulties as the basis for her contention that there was a change in circumstances warranting modification.  The Magistrate disagreed and overruled her motion.  Appellant did not file objections to the magistrate's order and did not provide the trial court with a transcript of the hearing.

**{¶4}**   The parties in this matter were divorced pursuant to a decree journalized on November 28, 2017 and appellee was granted "sole allocation of parental rights and responsibilities and shall be the residential parent and legal custodian of the parties' two minor children." Judgment Entry, November 28, 2017, Docket #156, page 14, paragraph 5. The trial court also ordered that:

[u]nless otherwise agreed as allowed by Plaintiff, Defendant's parenting time shall remain supervised at a third-party agency--Andrews House, or Welcome to Our Place--or Marion Care-Fit if there is no other alternative. The supervision will remain for minimum of 6 or 9 monthly sessions-until Plaintiff and Defendant agree otherwise/Defendant files the necessary modification motion with evidence of the counseling for her with an appropriate provider regarding the report repairing the estrangement.

*Judgment Entry*, November 28, 2017, Docket #156, page 14, paragraph 6.

**{¶5}** Relevant to the matter before this court is the trial court's discussion on pages 8 and 9 of its November 28, 2017 judgment entry regarding appellant's failure to provide the trial court with complete transcripts of the hearings. The trial court specifically noted that Civ.R. 53 (D)(3)(b)(iii) and the Local Rule required that objections relating to a finding of fact be supported by transcript of all the evidence submitted to the magistrate. We noted the impact of a lack of a complete transcript in our prior decision in this matter. *A. A. supra at* 29-35.  Appellant knew or should have known of the need to file a transcript before challenging the magistrate's denial of her motion. Her failure to provide that transcript to the trial court limits the extent of our review.

**{¶6}** Appellant contended in her Motion to Modify the Allocation of Parental Rights and Responsibilities that the children were having problems in school, were excessively absent or tardy, that appellee was not able to pay school fees or the mortgage on the family home and that she had obtained a new residence.  The facts, she alleged, warranted a change in custody.

**{¶7}**   The matter came on for trial on August 28, 2018 before a magistrate. On August 30, 2018 the magistrate issued a decision including findings of fact and conclusions of law denying appellant's motion. The magistrate noted that one child missed a significant amount of school, but that the evidence established that the child's absences and tardies were relatively consistent through the second, third and fourth quarters of the school. These dates are significant because magistrate determined that any change in circumstances would have had to occur from the second quarter onward. The magistrate also found that the evidence supported the father's testimony that the child's absences and tardies were the result of the child's stomach problems and that her attendance had improved since seeking treatment. With regard to some absences from individual classes the magistrate accepted the father's explanation that the child was in the library getting caught up on her other schoolwork and has since spoken with the child about this issue and that her attendance has improved. *Magistrate's Decision,* Aug. 30, 2018, docket # 232, pages 2-3, paragraphs 9-12.

**{¶8}**   The magistrate concluded that the second child's grades had improved from the date of the decree and that although the first child's grade point average had dropped throughout the school year, the underlying reason for that change was the mother's communication with the child and the child's stomach issues. The magistrate noted that father had talked with the first child and has begun tutoring her on his own. The magistrate also found that the father was talking to school officials to assist his first child. *Magistrate's Decision*, Aug. 30, 2018, docket # 232, pages 3-4, paragraphs 13-21.

**{¶9}**   With regard to the alleged financial difficulties, the magistrate found that the father was current on both the first and second mortgages, that he has an agreement with

both loan servicers as to the payments of late fees, the house is not in foreclosure or in any danger of being repossessed. Regarding school fees the magistrate found the father plans on paying those fees shortly and that he has until January 2019 to pay the fees. *Magistrate's Decision*, Aug. 30, 2018, docket # 232, page 5, paragraphs, 27-29.

**{¶10}** The magistrate found that the appellee was more credible than appellant; *Magistrate's Decision*, Aug. 30, 2018, docket # 232, page 4, paragraph 23 and that appellant did not demonstrate a change in circumstances sufficient to warrant modification of the divorce decree. R.C. 3109.04 (B)(1)(a). The magistrate concluded that even if a change in circumstances had occurred, reallocation of parental rights and responsibilities would not be in either child's best interest. *Magistrate's Decision,* Aug. 30, 2018, docket # 232, page 5, paragraph 33. The magistrate further found that the harm likely to be caused by change of environment is not outweighed by the advantages of the change of environment to either child, and that appellant failed to establish that either child would benefit from a change of environment. *Magistrate's Decision*, Aug. 30, 2018, docket # 232, page 7, paragraphs 37, 38. Significantly, the magistrate found that:

> Everything presented at trial indicates that only harm would come with a change of environment. As stated before, the children have had limited, to no contact with mother since the decree. None of these interactions have been in a supervised environment as ordered. Mother has not worked on the issues that were present at the time of the decree or any other manner other than potentially self-help.

*Magistrate's Decision*, Aug. 30, 2018, docket # 232, page 7, paragraph 39.

{¶11} Appellant did not order the transcript for review by the trial court and did not file objections to the magistrate's decision. On September 19, 2018 the trial court independently reviewed the matter and found no error of law or other defect evident on the face of the magistrate's decision and adopted the decision and incorporated the findings of fact and conclusions of law by reference. Judgment Entry, September 19, 2018, Docket #235. Appellant filed an appeal from this entry and submitted two assignments of error:

{¶12} "I. MAGISTRATE'S DECISION IS PLAIN ERROR.(SIC)."

{¶13} "II. THE TRIAL COURT ADOPTING THE MAGISTRATE'S DECISION IS ABUSE OF DISCRETION."

### STANDARD OF REVIEW

{¶14} Appellant argues we should review the decision sub judice for plain error and for abuse of discretion. The application of a plain error review is limited to "* * * extremely rare situations in which the plain-error doctrine must be invoked in order to prevent a manifest miscarriage of justice, since the result reached by the trial court is patently" contrary to law. *Reichert v. Ingersoll,* 18 Ohio St.3d 220, 223–24, 480 N.E.2d 802, 805–06 (1985). "[T]he doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997).

**{¶15}** In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.

**{¶16}** The parameters of our review are further restricted by appellant's decision to not file a transcript of the hearing before the magistrate with the trial court or file objections. The appellant's first assignment of error addresses the findings of the magistrate, but "[t]his Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established. See *State v. Leite* (April 11, 2000), Tuscarawas App. No.1999AP090054, unreported; *Fogress v. McKee* (Aug. 11, 1999), Licking App. No. 99CA15, unreported; *Strunk v. Strunk* (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported." *Moton v. Ford Motor Credit Co.*, 5th Dist. Richland No. 01 CA 74, 2002-Ohio-2857.

**{¶17}** Because appellant did not file a transcript as required by Civ.R. 53:

The magistrate's findings of fact are considered established and may not be attacked on appeal.' " *J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 22, quoting *Murray v. Miller,* 5th Dist. Richland No. 15CA02, 2015-Ohio-3726, ¶ 35. "Without a transcript of the hearing, a trial court is required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." *Bahgat v. Kissling,* 10th Dist.

Franklin No. 17AP-641, 2018-Ohio-2317, ¶ 21, citing *JPMorgan Chase Bank, N.A. v. Liggins,* 10th Dist. No. 15AP-242, 2016-Ohio-3528, ¶ 14, fn. 1. Even though a transcript was filed with this court, on appellate review, we cannot review the factual findings because we cannot consider the transcript that the trial court did not have the benefit of when it made its decision. *State ex rel. Pallone v. Ohio Court of Claims,* 143 Ohio St.3d 493, 2015-Ohio-2003, 39 N.E.3d 1220, ¶ 11.

*Matter of J.M.*, 5th Dist. Fairfield No. 18-CA-25, 2019-Ohio-520, ¶ 40.

**{¶18}** Our ability to review the trial court's decision is further restricted by appellant's failure to file objections to the magistrate's decision. Because appellant did not file objections before filing the appeal appellant is prohibited from raising factual errors on appeal. *Arthur v. Trimmer,* 5th Dist. Delaware No. 02CA06029, 2003-Ohio-2034, ¶ 14. While we have found that failure to file objections does not prohibit review for plain error, the use of that doctrine is severely restricted. Kelley v. Holmes Cty. Sheriff's Dept., 5th Dist. Holmes No. 99 CA 4, 2000 WL 968522, *2 ""Plain error" is often construed to encompass "error[s] of law or other defect[s] evident on the face of the magistrate's decision," which prohibit the adoption of a magistrate's decision even in the absence of objections. Ohio Civ.R. 53(D)(4)(c); cf. *In re Clowtis*, 11th Dist. Nos.2006-L-042 and 2006-L-043, 2006-Ohio-6868, ¶ 13 (citations omitted). *McConkey v. Roberts*, 5th Dist. Guernsey No. 06 CA 35, 2007-Ohio-6102, ¶ 22; *Hull v. Hull*, 5th Dist. Stark No. 2011CA00155, 2012-Ohio-970, ¶¶ 29-33. "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances

where error, to which no objection was made at the trial court, *** seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099 (1997). Even if we were to discover plain error, we have "discretion to disregard the error and should correct it "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus as quoted in *State v. Wamsley,* 117 Ohio St.3d 388, 2008-Ohio-1195, 884 N.E.2d 45, ¶ 27 (2008). "This Court may not reverse the judgment of the trial court on the basis of plain error, unless appellant has established that the outcome of trial clearly would have been different but for the alleged error." *State v. Kobelka*, 9th Dist. Lorain No. 01CA007808, 2001 WL 1379440, *2 (Nov. 7, 2001).

{¶19} Appellant's first assignment of error attacks the magistrate's decision, asserting that the magistrate has committed plain error. Appellant apparently has reviewed the requirements of Civ.R. 53, but has incorrectly concluded that the magistrate's decision is a final, appealable order subject to this court's review. We may only review those orders that are final and appealable and the magistrate's decision in this matter does not qualify as a final order as defined in R.C. 2505.02. A magistrate cannot issue a judgment that terminates a matter, but only issues a decision upon which a judge may base an order that can be final and appealable. "Only a judge, not a magistrate, may terminate a claim or action by entering judgment. *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 218, 736 N.E.2d 101, 106 (9th Dist.2000).

**{¶20}** Because the magistrate's decision is not a final appealable order and because the appellant's first assignment of error focuses upon that decision, appellant's first assignment of error is overruled.

**{¶21}** Appellant contends the trial court abused its discretion by adopting the referee's report in her second assignment of error, but because Appellant failed to file written objections to the magistrate's findings of fact, Appellant cannot assign this as an error for appeal, other than under plain error review. *Hull v. Hull*, 5th Dist. Stark No. 2011CA00155, 2012-Ohio-970, ¶¶ 29-33.

**{¶22}** Appellant does not argue plain error, but only an abuse of discretion, referring to the alleged errors in the magistrates findings of fact with citations to the transcript and suggesting that the entry was insufficient because the trial court "did not provide adequate reasoning for adopting the decision and the Trial Court did not state why or in what way the decision was valid" citing *Stadler v. Earney,* 8th Dist. Cuyahoga No. 86040, 2005-Ohio-6720, ¶¶ 7-9. Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights. *State v. Benitez-Maranon*, 9th Dist. Summit No. 26461, 2014-Ohio-3575, ¶ 7.

**{¶23}** We have reviewed the record and we hold that it does not contain any error that would *** seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss, supra.*

**{¶24}** However, if we were to consider appellant's argument our decision would remain unchanged.  The case cited by appellant in support of her contention the trial court's entry was insufficient is inapposite because it addressed a motion for a new trial. That court relied upon the Supreme Court of Ohio's ruling that "[w]hen granting a motion for a new trial based on the contention that the verdict is not sustained by the weight of the evidence, the trial court must articulate the reasons for so doing in order to allow a reviewing court to determine whether the trial court abused its discretion in ordering a new trial." *Antal v. Olde Worlde Products, Inc.* (1984), 9 Ohio St.3d 144, 459 N.E.2d 223, syllabus.

**{¶25}** The appellant herein did not file objections to the magistrate's decision and "[i]f no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision."  Civ.R. 53(D)(4)(c).  In this case the trial court found there was no error of law or other defect evident on the face of the magistrate's decision.  The Civil Rule does not require that the trial court provide any further rationale for its decision and we will not impose such an obligation.

**{¶26}** The trial court "independently reviewed the matter and, having found no error of law or other defect evident on the face of the Magistrate's Decision" adopted and incorporated the findings of fact and conclusions of law by reference. *Judgment Entry*, Sept. 19, 2018, Docket # 235. Therefore, the trial court properly reviewed the magistrate's decision. *Snider v. Snider*, 3rd Dist. Mercer No. 10-04-06, 2004-Ohio-5764, ¶ 10. Upon review of the case sub judice, we would find that there are sufficient factual findings within

the Magistrate's decision to support the conclusions of law and that the trial court did not abuse its discretion.

{¶27} Because appellant failed to file objections to the magistrate's decision, we are constrained to review the second assignment for plain error. We hold that there is no plain error and the appellant's second assignment of error is overruled.

{¶28} The decision of the Delaware County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.