[Cite as *Sultaana v. Arrington*, 2025-Ohio-1535.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| AMIRAH SULTAANA, ON BEHALF OF AKEEM SULTAANA | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| | : | Hon. Andrew J, King, J. |
| Plaintiff - Appellant | : | Hon. David M. Gormley, J. |
| | : | |
| -vs- | : | |
| | : | |
| TAYUAN ARRINGTON | : | Case No. 2024-CA-0050 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 23CV238N

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 30, 2025

APPEARANCES:

For Plaintiff-Appellant

AMIRAH SULTAANA
16410 Scottsdale Blvd.
Shaker Heights, Ohio 44120

*King, J.*

{¶ 1}   Amirah Sultaana, obo Hakeem Sultaana, appeals the July 9, 2024 judgment of the Richland County Court of Common Pleas which adopted the Magistrate's Decision on Default Damages. Defendant-Appellee is Tayuan Arrington.

**Facts and Procedural History**

{¶ 2}   This matter began on May 15, 2023, when Appellant Hakeem Sultaana filed a Civil Complaint for Assault Pursuant to Ohio Revised Code 2305.11 against Appellee as a result of an assault that occurred while both men were incarcerated. On July 26, 2023 after Appellee failed to file a responsive pleading, appear, or defend in any fashion, the trial court granted Appellant's motion for default judgment.

{¶ 3}   The matter was set for an evidentiary hearing on default damages on September 12, 2023. The hearing was then continued to September 26, 2023 in order to permit Appellant to appear via video set up through the prison's video conferencing center. The hearing was continued several additional times due to Appellant's difficulty in submitting requests for subpoenas. In January, 2024, Appellant advised the trial court he expected to be released from prison within 30-60 days. On February 6, 2024, the magistrate set the damages hearing out 120 days in order to permit Appellant adequate time to serve subpoenas and gather the records he required for the damages hearing. Because Appellant indicated he would no longer be incarcerated, he was expected to appear in person.

{¶ 4}   Appellant failed to appear at the May 23, 2024 damages hearing. He further did not file a motion to continue or provide any documents to the court in anticipation of the hearing. Nonetheless, the Magistrate found the file contained sufficient evidence to

make a limited determination on damages and awarded Appellant $3,002 in compensatory economic damages and $6,000 in punitive damages. The Magistrate's decision was filed on June 4, 2024. Appellant was granted an extension of time to file an objection to the Magistrate's decision, but failed to do so. On July 9, 2024, the trial court adopted the Magistrate's decision. Appellant filed two additional motions for extensions of time to file objections to the magistrate's decision, one on July 10, 2024, and the second on July 16, 2024. The trial court denied both motions as moot.

{¶ 5}  Appellant filed a notice of appeal on August 7, 2024. He was granted several extensions of time in which to file his brief, but died before a brief was filed. On December 11, 2024. Appellant's mother, acting on behalf of Appellant, was also granted several extensions of time in which to file a brief. Appellant's brief was filed on February 27, 2025, and is now before this court for consideration.

## Analysis

{¶ 6}  We understand that Appellant has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). See, also, *State v. Hall*, 2008-Ohio-2128, ¶11 (11th Dist.).

{¶ 7}  The brief filed by Appellant fails to comply with App.R. 16(A) in any regard. It instead appears to be a new civil complaint for "felonious assault" that asks this court to reconsider the previously awarded damages and to award $155,000 in damages.

{¶ 8}  Although "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules," we find Appellant's noncompliance with the appellate rules is significant and her brief lacks any cogent

argument. *Oyler v. Oyler*, 2014-Ohio-3468, ¶¶ 18-19 (5th Dist.). We acknowledge that "fairness and justice are best served when a court disposes of a case on the merits," however, we find this brief reflects a substantial disregard for the court rules which cannot be cured. *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). We "may not construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.), quoting *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94 (10th Dist.), appeal not allowed, 2006-Ohio-3862, reconsideration denied, 2006-Ohio-5083.

{¶ 9}  To the extent Appellant's brief may challenge the award of damages, we note Appellant failed to object to the Magistrate's decision thereby forfeiting all but plain error.

{¶ 10} The Supreme Court of Ohio defined civil plain error as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, syllabus (1997).

{¶ 11} Here, Appellant has failed to raise or argue plain error. This failure is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights." *A.A. v. F.A.*, 2019-Ohio-1706, ¶ 22 (5th Dist.), citing *State v. Benitez-Maranon*, 2014-Ohio-3575, ¶ 7.

{¶ 12} On review of the record, we find no error which rises to the level of plain error. The judgment of the Richland County Court of Common Pleas is therefore affirmed.

By: King, J.

Baldwin, P.J. and

Gormley, J. concur.