IN RE MARRIAGE OF BARBER.

(No. 44793—Decided January 27, 1983.)

*Mr. Conrad J. Morgenstern,* for appellant.

*Mr. Alan I. Goodman,* for appellee.

BROGAN, J. Appellant, David Barber, and the appellee, Sharon Barber, obtained a dissolution of their marriage, by a judgment entered in the Court of Common Pleas of Cuyahoga County, and dated September 5, 1979.

Pursuant to the decree of dissolution, the trial court granted custody of the parties' minor chilld, Brian David, to the appellee with the stipulation that appellee "shall remain in the Cleveland area with said minor child and will only move from the Cleveland area with the husband's approval."

On May 21, 1981, the appellee moved to modify the initial decree of dissolution so as to allow her to take the minor child out of the Cleveland area to Toronto, Canada. On August 6, 1981, the matter came on for hearing before a referee on the request for a change in the custody order as well as the terms of visitation specified in the prior decree.

The referee made certain specific findings of fact, to wit:

(1) Ever since the marriage of the parties was dissolved, the minor child, born April 27, 1978, has lived exclusively with the wife, subject to the husband's visitation.

(2) The husband has moved to Wyoming, Michigan near Grand Rapids, Michigan which is approximately three hundred fifty miles from Cleveland, Ohio where he has since married.

(3) The husband has recently returned to Cleveland and is living with his mother and plans to go back to school.

(4) The husband is unemployed and his educational plans have not been finalized.

(5) The wife is engaged to be married and her future husband lives in a suburb of Toronto, Canada. The wife's fiance testified and impressed the court as a stable individual who is gainfully employed. He has lived his whole life in the Toronto area and is employed as a shop manager of a printing company.

(6) The wife has applied for a visa for herself and her son from the Canadian authorities.

Based on those findings of fact and the conclusions of law drawn therefrom, the referee recommended that appellee be granted the right to remove her minor son from the jurisdiction of the court to live with her and her new husband in the Toronto area. This right is however conditioned upon the appellee certifying to this court that she has made an appearance before the Ontario Provincial Court in Toronto wherein she agrees to abide by any order of this court and agrees to give the Ontario court the right to enforce this court's orders.

The referee further recommended that because of the age of the parties' minor child (three years), appellant have visitation at least one week per year at Christmas and two weeks during the summer, and appellee bear the expenses of transporting the child to Cleveland and the return.

The appellant filed objections to the referee's report alleging that the referee abused his discretion in granting the appellee the right to remove his child from the Cleveland area against the clear provisions of the decree of dissolution. Appellant also contended the evidence was clear the appellant vigorously opposed the removal of the child by the appellee. Appellant also contended in his objections that the order violates the contractual rights of the appellant and the order unnecessarily makes communication with his son difficult and visitation costly and beyond his financial means. Lastly, the appellant objected to the referee's recommendations asserting that the visitation schedule was inadequate, unfair, and harsh.

On November 30, 1981, the trial court adopted the referee's report in its entirety and granted a judgment for appellee. From that judgment, the appellant has timely appealed, alleging two assignments of error:

"I. The trial court abused its discretion as a matter of law under Sections 3109.04(B) and 3109.04(C) Revised Code by modifying the original custody and visitation decree and allowing appellee to remove the minor child from the Cleveland area without appellant's approval.

"II. The trial court committed error by modifying the original custody and visitation decree providing for inadequate and harsh visitation arrangements upon appellant in violation of Sections 3109.04 and 3905.05 [sic] Revised Code."

R.C. 3109.04 at the time relevant herein stated in pertinent part:

"(B) The court shall not modify a prior custody decree unless it finds, based on facts which have arisen since the prior decree or which were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian, and that the modification is necessary to serve the best interests of the child. * * *

"* * *

"(C) In determining the best interests of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interests;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation." (Emphasis added.)

Appellant does not wish custody of his minor child, but only that the original custody decree be enforced limiting the appellee to not removing the minor child from the Cleveland area without his approval. Appellant contends the parties entered into a separation agreement wherein the terms under which the wife would receive custody of the minor child were agreed upon, and the court having incorporated the agreement into the dissolution decree, it cannot modify that custody award where such modification is not in the best interests of the child.

At the time of the dissolution, the parties apparently felt they would both continue to live in the Cleveland area. However, one's residence in today's society is often a dynamic and changing one. Indeed, in the matter sub judice, the appellant after the dissolution moved to Wyoming, Michigan to secure employment. The appellee became romantically involved with an individual who lived and worked in Toronto, Canada, and indeed became engaged to him.

If the custody decree is enforced, the appellee is obligated to remain in the Cleveland area and hope that her fiance will be willing to leave his long standing job and relocate in Cleveland. We believe this is wholly unrealistic. The trial court's first obligation in the modification of custody decrees is the best interests of the child. Bastian v. Bastian (App. 1959), 13 O.O. 2d 267. Here, the appellee is attempting to put her life together after a dissolution and has found an individual who is willing to fill the role of her new husband and stepfather. It is, after all, always in the best interests of a child that he or she be raised in a happy home where the mother feels not only the love of her children, but that of her husband. We cannot say the trial court abused its discretion in finding the imminent remarriage of the appellee to a nonresident of the Cleveland area was a sufficient change of

circumstance to permit the requested modification.

The overwhelming weight of authority is to the effect that a nonresident or one who intends to become a nonresident will not be deprived of the right to the custody of a child merely because of his nonresidence; and that if the best interests of the child will be promoted, custody will be awarded to nonresidents, the same as it would be to residents; one intending to become a nonresident will be permitted to remove the child to his or her new residence. It is so held whether the question arises from the original award of custody or subsequently by way of modification of the decree so as to permit removal of the child by the person becoming a nonresident. Annotation, 15 A.L.R. 2d (1951) 432, 439. See, also, *Arnold* v. *Arnold* (1941), 67 Ohio App. 282 [21 O.O. 258].

For his second assignment of error, appellant contends the visitation order as entered by the trial court was harsh and inadequate. Basically appellant contends visitation limited to one week at Christmas and two weeks in the summer is grossly unfair.

Visitation rights are limitations or restrictions upon custody. *Shriver* v. *Shriver* (1966), 7 Ohio App. 2d 169 [36 O.O.2d 308]. The only statutory provision governing such rights is that contained in R.C. Chapter 3109 which provides that the court may make any just and reasonable order or decree permitting the parent who is deprived of the care, custody, and control of the children to visit them at such time and under such conditions as the court may direct. R.C. 3109.05. The fact that the divorced spouses live in different cities, or in different states, presents special problems in drawing up a visitation provision which is just and reasonable. *Anonymous* v. *Anonymous* (J.C. 1962), 18 O.O. 2d 282.

We believe the trial court should be liberal in its grant of visitation when distance creates a barrier between parent and child. Visitation is to be encouraged, as it is in the best interests of children that they continue to know, love, and respect their natural parents. The trial court in its discretion determined that a rather modest visitation schedule be implemented due to the age of the child and the distance of the parties from each other. We cannot say as a matter of law the court abused its discretion in its visitation order. However, when the child grows older and matures, it is hoped that the court will expand its previous order in the best interests of the child and his continuing relationship with his father.

The assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, P.J., and O'NEILL, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Eighth Appellate District.

O'NEILL, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.