**[Cite as *L.S. v. C.S.*, 2024-Ohio-206.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| L.S. | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| C.S. | : | | Case No. 2023 CA 00014 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Family Court Division, Case
                                  No. 2020 DR 1052


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 January 19, 2024


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ARNOLD F. GLANTZ                          CHRISTOPHER COLERIDGE
3722 Whipple Avenue NW                    122 Central Plaza North
Canton, OH  44718                         Canton, OH  44702

*King, J.*

{¶ 1}  Defendant-Appellant, C.S. ("father"), appeals the December 29, 2022 judgment entry of the Court of Common Pleas of Stark County, Ohio, Family Court Division, denying his objections and awarding legal custody of a child to Plaintiff-Appellee, L.S. ("mother").  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}  The parties were married on July 7, 2014.  They have one child born in October 2015.  On November 19, 2020, mother filed a complaint for divorce and sought custody of the child.  On March 14, 2022, father filed a motion to adopt shared parenting plan and attached a proposed shared parenting plan.

{¶ 3}  Hearings before a magistrate were held on April 13, and June 27, 2022.  By decision filed June 30, 2022, the magistrate granted the parties a divorce and named mother as the custodian of the child.  Father was granted supervised visitation "until he receives a letter from his therapist indicating that he has addressed and internalized his issues of impulse control and how his behaviors and actions affect the child."  The magistrate approved and adopted the guardian ad litem's June 16, 2022 report.  Neither the magistrate nor the guardian mentioned the shared parenting plan.  Mother was permitted to relocate with the child to Florida after Labor Day 2022.

{¶ 4}  On July 11, 2022, father filed objections arguing the supervised visitations, mother's relocation to Florida, and the adoption of the guardian ad litem's report were "unjust, unreasonable, arbitrary, contrary to the weight of the evidence and contrary to the best interest of the minor child."  Father did not mention the proposed shared parenting plan.

{¶ 5}  On July 20, 2022, the trial court (Judge David R. Nist) issued a judgment entry decree of divorce following the magistrate's decision on custody and visitation and quoted from the guardian ad litem's June 16, 2022 report.

{¶ 6}  It is unclear whether an objection hearing was held.  On December 29, 2022, the trial court filed a judgment entry denying the objections with one exception pertaining to an escrow account and remanded the issue to the magistrate.  By amended magistrate's decision/judgment entry filed January 19, 2023, the magistrate changed the escrow account to father's separate property to reflect the trial court's decision on objections.  The trial court (Judge Michelle L. Cordova) approved and adopted this amended decision.

{¶ 7}  Father filed an appeal with the following assignments of error:

I

{¶ 8}  "THE TRIAL COURT IMPROPERLY CONSIDERED THE BEST INTERESTS OF THE CHILD BY GRANTING SOLE CUSTODY TO [L.] AND PERMITTING HER TO RELOCATE TO FLORIDA."

II

{¶ 9}  "THE COURT ERRED IN FAILING TO CONSIDER THE R.C. 3109.04(F)(2) FACTORS SINCE IT FAILED TO CONSIDER [C.]'S SHARED PARENTING MOTION AND ATTACHED PLAN, CONSTITUTING AN IMPROPER BEST INTERESTS ANALYSIS."

III

{¶ 10} "THE COURT ABUSED ITS DISCRETION IN DEVIATING FROM THE STARK COUNTY SCHEDULE ON LONG-DISTANCE PARENTING."

I

{¶ 11} In his first assignment of error, father claims the trial court improperly considered the best interests of the child by granting sole custody to mother and permitting her to relocate to Florida. We disagree.

{¶ 12} The standard of review in initial custody cases and visitation schedules is whether the trial court abused its discretion. *Davis v. Flickinger*, 77 Ohio St.3d 415, 674 N.E.2d 1159 (1997); *Booth v. Booth,* 44 Ohio St.3d 142, 541 N.E.2d 1028 (1989). An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 13} Given the nature and impact of custody disputes, a trial court's discretion will be accorded paramount deference because the trial court is best suited to determine the credibility of testimony and integrity of evidence. *Miller v. Miller*, 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). A trial court is "best able to view the witnesses and observe their

demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Specifically, "the knowledge a trial court gains through observing witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." *Miller* at 74. Therefore, giving the trial court due deference, a reviewing court will not reverse the findings of a trial court when the award of custody is supported by a substantial amount of credible and competent evidence. *Davis, supra*.

## BEST INTEREST

{¶ 14} R.C. 3109.04 governs court awarding parental rights and responsibilities during a divorce proceeding. Subsection (A) requires a trial court to consider the best interest of the child in making an award of custody in a divorce proceeding, even if a shared parenting plan is requested and/or filed. Factors for the trial court to consider on best interests and whether a shared parenting plan is in the child's best interests are found in R.C. 3109.04(F). There is no requirement that a trial court separately address each factor. *Bashale v. Quaicoe,* 5th Dist. Delaware No. 12 CAF 10 0075, 2013-Ohio-3101. " 'No one factor is dispositive.' " *Baker-Chaney v. Chaney*, 5th Dist. Holmes No. 16CA005, 2017-Ohio-5548, ¶ 25, quoting *Carr v. Carr,* 12th Dist. Warren Nos. CA2015-02-015 and CA2015-03-020, 2016-Ohio-6986, ¶ 22. Rather, the trial court has discretion to weigh any and all relevant factors. *Id.*

{¶ 15} We acknowledge the magistrate's decision on the allocation of parental rights and responsibilities is sparse and could have been expanded, but there is enough here to discern the trial court's reasoning.

{¶ 16} Father filed objections to the magistrate's decision and the trial court was tasked with undertaking "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). We find the trial court did so here; the trial court concurred with and adopted the magistrate's decision. Judgment Entry filed December 29, 2022; Judgment Entry filed January 19, 2023.

{¶ 17} In the amended magistrate's decision/judgment entry, the trial court stated it has "considered all of the factors of O.R.C. 3109.04 in determining the best interests of the minor child." The trial court went on to order the following without additional comment:

> Mother shall be designated custodian of the parties' minor child. Father shall continue to have supervised visitation until he receives a letter from his therapist indicating that he has addressed and internalized his issues of impulse control and how his behaviors and actions affect the child. Then he can move to unsupervised. The recommendations of the Guardian ad Litem in her report filed 6/16/2022 are approved and adopted. Mother shall be permitted to relocate to Florida after Labor Day 2022. Mother shall pay for the transportation of the child to and from Ohio once per year in the summer once Father is able to have unsupervised visitation.

{¶ 18} Father contends the trial court did not properly consider each of the factors in R.C. 3109.04(F)(1). But the trial court specifically stated in its judgment entry that it

considered all the factors.[1]  Absent evidence to the contrary, an appellate court will presume the trial court considered all of the relevant factors. *Baker-Chaney* at ¶ 25. There is no evidence to the contrary to indicate the trial court did not consider the relevant factors in this case.

{¶ 19} R.C. 3109.04(F) provides the court with the discretion to weigh the relevant factors and determine how those factors apply to the child's best interest. *Wooten v. Casey*, 4th Dist. Gallia, No. 03CA15, 2004-Ohio-55. In its judgment entry, the trial court approved and adopted the guardian ad litem's June 16, 2022 report. The trial court also noted father's need to address and internalize "his issues of impulse control and how his behaviors and actions affect the child" in order to receive unsupervised visitation. The record is replete with evidence supporting the guardian ad litem's report and the trial court's notation on father's issues. April 12, 2022 T. at 16, 21-22, 25-29, 32-33, 35-37, 43-44, 52, 55-60, 63-69, 75-80, 87-98; June 27, 2022 T. at 10-12, 15-18, 20-21, 24-25, 45, 62, 148-150, 193-194.

{¶ 20} Upon review of the record, we do not find the trial court abused its discretion in designating mother as legal custodian of the child.

RELOCATION TO FLORIDA

{¶ 21} Father also challenges the trial court permitting mother to relocate with the child to Florida. In *In re Marriage of Barber,* 8 Ohio App.3d 372, 375, 457 N.E.2d 360 (8th Dist.1983), our colleagues in the Eighth District stated the following:

---

[1]While the case sub judice is not the appropriate case to reconsider the scope of trial court review, we encourage trial courts to do more than merely state it considered the R.C. 3109.04(F) factors. In the absence of support for its conclusions, meaningful appellate review is at risk.

The overwhelming weight of authority is to the effect that a nonresident or one who intends to become a nonresident will not be deprived of the right to the custody of a child merely because of his nonresidence; and that if the best interests of the child will be promoted, custody will be awarded to nonresidents, the same as it would be to residents; one intending to become a nonresident will be permitted to remove the child to his or her new residence.

{¶ 22} As noted by the Second District, "[a]dmittedly, out-of-state parenting is less than an ideal situation.  However, it is not uncommon, due to the mobile nature of our society." *Chirico v. Chirico,* 2d Dist. Montgomery No. 19722, 2003-Ohio-3238, ¶ 13.

{¶ 23} Both the guardian ad litem and the psychologist recommended the move to Florida would be in the child's best interests.  April 12, 2022 T. at 49, 98-99; June 27, 2022 T. at 9-10, 22, 47-48, 140, 143.  Mother had a support system and family in Florida and the child would be removed from discord between the parties.  April 12, 2022 T. at 98; June 27, 2022 T. at 47, 140.

{¶ 24} Upon review of the record, we do not find the trial court abused its discretion in permitting mother to relocate with the child to Florida.  Although one of the best interest factors for a custody determination is whether a parent has or will establish a residence outside of the state, the evidence shows that the other best interest factors lean in favor of mother being the residential parent.

{¶ 25} Assignment of Error I is denied.

II

{¶ 26} In his second assignment of error, father claims the trial court failed to consider father's shared parenting plan.  We disagree.

{¶ 27} Under R.C. 3109.04(D)(1)(a)(iii), "if the court rejects the portion of the pleadings or denies the motion or motions requesting shared parenting under this division and proceeds as if the request or requests or the motion or motions had not been made, the court shall enter in the record of the case findings of fact and conclusions of law as to the reasons for the approval or the rejection or denial."

{¶ 28} We acknowledge the trial court failed to enter findings of fact and conclusions of law as to the reasons for its rejection or denial of father's shared parenting plan.  But father never argued the shared parenting plan during the hearings and never requested findings of fact or conclusions of law under Civ.R. 53(D)(3)(a)(ii).

{¶ 29} Most importantly, father never raised the issue as an objection to the trial court.  Issues not raised in objections shall not be assigned on appeal except for a claim of plain error.  Civ.R. 53(D)(3)(b)(iv).  Civil plain error is defined in *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."  Father did not advance any arguments claiming plain error in his appellate brief.  "Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights."  *A.A. v. F.A.,* 5th Dist.

Delaware No. 18 CAF 10 0079, 2019-Ohio-1706, ¶ 22, citing *State v. Benitez-Maranon*, 9th Dist. Summit No. 26461, 2014-Ohio-3575, ¶ 7.

{¶ 30} In our review of the record, we do not find it contains any error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss, supra.*

{¶ 31} Assignment of Error II is denied.

III

{¶ 32} In his third assignment of error, father claims the trial court abused its discretion in deviating from the Stark County schedule on long-distance parenting. We disagree.

{¶ 33} Again, father never raised the issue as an objection to the trial court. Civ.R. 53(D)(3)(b)(iv); *Goldfuss, supra; A.A., supra.*

{¶ 34} R.C. 3109.051 governs parenting time rights. Subsection (F)(2) provides each court of common pleas shall adopt standard parenting time guidelines, and a trial court shall have discretion to deviate from those guidelines "based upon factors set forth in division (D) of this section" which lists sixteen factors. The trial court's focus is the best interest of the child. R.C. 3109.051(D)(16).

{¶ 35} Given our review under the custody determination, we cannot find the trial court abused its discretion in deviating from the guidelines on long-distance parenting. In our review of the record, we do not find it contains any error that "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss, supra.*

{¶ 36} Assignment of Error III is denied.

{¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio, Family

Court Division, is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.