[Cite as *In re R.H. v. A.M.*, 2024-Ohio-4479.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| R.H. | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 2024 CA 000015 |
| A.M. | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 11 JH 00256

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      September 11, 2024

APPEARANCES:

For Appellant Grandmother

SHARON BUCKLEY-MIRHAIDARI
152 North Broadway, #200
New Philadelphia, OH 44663

For Mother

A.M., PRO SE
128 Mayor Estate Drive
Cambridge, OH 43725

For Father

R.H., PRO SE
2006 Moody Road
Piedmont, SC 29673

*King, J.*

{¶ 1}   Appellant, maternal grandmother L.M., appeals the April 29, 2024 order, judgment, and journal entry of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division, denying her notice of withdrawal of prior notice of consent to transfer custody and naming mother R.M. as legal custodian and residential parent of the child. We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case involves one child, R.M. born December 2010.  Mother of the child is A.M.; father is R.H.  Maternal grandmother is L.M.  Grandmother has helped care for the child since birth.  Father is not involved in the child's life.

{¶ 3}   On August 30, 2019, grandmother filed an ex parte verified motion for temporary orders seeking custody of the child due to mother's actions.  The trial court granted the motion and named grandmother the temporary legal custodian and primary residential parent of the child.  Also on August 30, 2019, grandmother filed a complaint for the determination of parental rights and responsibilities, requesting legal custody of the child.

{¶ 4}   A hearing on grandmother's motion before a magistrate was held on June 17, 2020.  By decision filed June 19, 2020, the magistrate found mother voluntarily contractually relinquished custody of the child to grandmother.  The magistrate found both mother and father to be unsuitable and named grandmother legal custodian and residential parent of the child.  Mother was granted supervised visitation.  By order, judgment, and journal entry filed June 19, 2020, the trial court approved and adopted the magistrate's decision.

{¶ 5}   On August 16, 2021, mother was granted unsupervised visitation.

{¶ 6}   Mother continued fighting for custody.   Mother's most recent filing for custody was filed on January 25, 2024.  A hearing was scheduled for February 29, 2024. On that date, grandmother filed a notice with the trial court of her actions to facilitate the transfer of custody of the child to mother.   Apparently, grandmother agreed to do this because the child had voiced that the child wanted to live with mother and grandmother was honoring the child's wishes.

{¶ 7}   The February hearing was canceled because father had not been served. The hearing was continued to April 29, 2024.

{¶ 8}   The child remained in counseling in order to help facilitate the transfer of custody.  On April 23, 2024, the child's counselor issued a letter stating the child no longer wanted to live with mother and wanted to remain with grandmother.

{¶ 9}   On April 25, 2024, grandmother filed a notice of withdrawal of her prior notice of consent to transfer custody.  The letter from the counselor was attached to the notice.  The counselor was available to testify via telephone at the April 29, 2024 hearing before a magistrate.   By decision filed April 29, 2024, the magistrate denied grandmother's notice to withdraw her consent and without hearing, granted custody of the child to mother, naming mother legal custodian and residential parent of the child. The magistrate found it was in the child's best interests to do so.  By order, judgment, and journal entry filed on April 29, 2024, the trial court approved and adopted the magistrate's decision.

{¶ 10} Grandmother filed an appeal with the following assignments of error:

I

{¶ 11} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING CUSTODY OF THE MINOR CHILD TO APPELLEE/MOTHER WITHOUT CONSIDERING ANY EVIDENCE AS REQUIRED BY R.C. 3109.04(E)(1)(a)(iii)."

II

{¶ 12} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN RULING THE PARTIES HAD ENTERED INTO AN AGREEMENT FOR A CHANGE OF CUSTODY OF THE MINOR CHILD."

III

{¶ 13} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO ALLOW APPELLANT AND THE MINOR CHILD AN OPPORTUNITY TO BE HEARD IN VIOLATION OF APPELLANT'S AND THE MINOR CHILD'S RIGHT TO DUE PROCESS AND FUNDAMENTAL FAIRNESS AS GUARANTEED BY THE US AND OHIO CONSTITUTIONS."

{¶ 14} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶ 15} This appeal shall be considered in accordance with the aforementioned rule. Mother has not filed an appellate brief; father has not appeared for any of the custody proceedings.

I, II, III

{¶ 16} Because all of these assignments of error challenge the trial court's decision on custody, they will be addressed collectively.

{¶ 17} Grandmother raises three issues in support of her position to reverse the trial court's decision. Unfortunately, grandmother did not file objections to the magistrate's decision under Juv.R. 40(D)(3)(b)(i): "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)." Because grandmother failed to file objections, she has waived her right to assign as error on appeal the trial court's adoption of the magistrate's decision as mandated under Juv.R. 40(D)(3)(b)(iv): "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." This rule "embodies the long-recognized principle that the failure to draw the trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal." *In re Etter*, 134

Ohio App.3d 484, 492 (1st Dist. 1998), citing *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121 (1997). The trial court did not have the opportunity to review the issues grandmother now raises in this appeal.

{¶ 18} The Supreme Court of Ohio defined civil plain error as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss* at syllabus.

{¶ 19} Grandmother failed to object to the magistrate's decision and has not argued plain error on appeal. "Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights." *A.A. v. F.A.,* 2019-Ohio-1706, ¶ 22 (5th Dist.), citing *State v. Benitez-Maranon*, 2014-Ohio-3575, ¶ 7.

{¶ 20} In our review of the record, we do not find any error rising to the level of plain error as explained in *Goldfuss.*

{¶ 21} We note the magistrate's decision included the requisite notice for the need to file objections to any factual findings or legal conclusions in order to challenge the trial court's adoption of them on appeal. Juv.R. 40(D)(3)(a)(iii).

{¶ 22} Grandmother has failed to preserve the issues she has raised for appellate review. Consequently, we cannot reach the merits of her arguments.

{¶ 23} Assignments of Error I, II, and III are denied.

{¶ 24} The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division, is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.