[Cite as *Horn v. Kimbleton*, 2025-Ohio-1115.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| EDDIE HORN | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| JACKLYN KIMBLETON | : | Case No. 2024 CA 0007 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Common Pleas
Court of Morrow County, Case No.
2021 JUCST 00038



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    March 28, 2025



APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

Porter R. Welch    J.C. Ratliff
21 Middle Street    Nicholas A. Barons
P.O. Box 125    200 W. Center Street
Galena, Ohio 43021    Marion, Ohio 43302

*Gormley, J.*

**{¶1}** Jacklyn Kimbleton appeals a judgment of the Juvenile Division of the Morrow County Court of Common Pleas. That court modified and reallocated parental rights and responsibilities for the parties' minor child and ordered that the child's father — plaintiff Eddie Horn — take over the role of legal custodian and residential parent for the child. Because Kimbleton — the child's mother — failed to object to the magistrate's decision, and because we find no plain error in the trial court's decision, we affirm.

**{¶2}** We will refer to Kimbleton as "Mother" and Horn as "Father" in this decision to help the reader easily distinguish between the parties.

**{¶3}** About a year after the trial court first awarded custody of the parties' child to Mother, Father asked the trial court in 2023 to change that arrangement and to name him as the sole custodian and the residential parent for the child. Father in his request alleged that a significant change in circumstances had occurred, and he cited his discovery of nude photos of the child on the child's tablet and said that the child had had inappropriate sexual contact with a stepbrother and had reported having also had inappropriate sexual contact with an uncle known as DJ.

**{¶4}** The trial court held an emergency hearing on Father's custody-change request and issued a temporary order designating Father as the sole legal custodian of the child. A week later, the trial court issued additional temporary orders, including an order that the child not be left unsupervised with either DJ or with Mother's boyfriend. A full hearing on Father's motion to modify and reallocate parental rights and responsibilities was then overseen by a magistrate in April 2024. Mother and Father both testified at that

hearing, as did the child's trauma therapist, the child's kindergarten teacher, a guardian ad litem, a work colleague of Mother's, and Father's estranged wife.

{¶5} The magistrate's decision was filed on August 5, 2024, and on the same day the trial court issued its judgment entry adopting that decision as the judgment of the court. The magistrate's decision and the trial court's order named Father as the legal custodian and residential parent of the minor child and provided parenting time for Mother. Mother did not file objections to the magistrate's decision.

{¶6} Mother now contends that the trial court abused its discretion when it changed the designation of the child's residential parent and legal custodian without expressly stating — in the words of R.C. 3109.04 — that a "change in circumstances" had occurred. Mother also contends that the trial court abused its discretion when it found the modification to be in the best interests of the child.

{¶7} Mother did not, however, file objections to the magistrate's decision under Juvenile Rule 40(D)(3)(b)(i). The magistrate's decision contained a one-and-a-half-page document entitled "Notice of Right to Object to Magistrate's Decision" that contained the pertinent language from Juv.R. 40(D)(3)(b). The trial court's immediate approval and adoption of the magistrate's decision did not obviate the need for any party intending to challenge that decision to file written objections to it. *Hull v. Hull*, 2012-Ohio-970, ¶ 16-17 (5th Dist.); *Wood Manor Furniture, Inc. v. Miken, Inc.*, 2000 WL 1158752, *1 (5th Dist. Aug. 14, 2000).

{¶8} "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i)." Juv.R. 40(D)(3)(b)(i). The

rule specifically allows a trial court to enter a judgment either during the 14-day objection period or after the 14-day period has expired. Juv.R. 40(D)(4)(e)(i). "If the court enters a judgment during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." *Id.*

**{¶9}** "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)." Juv.R. 40(D)(3)(b)(iv). "This rule 'embodies the long-recognized principle that the failure to draw the trial court's attention to possible error when the error could have been corrected results in a waiver of the issue for purposes of appeal.'" *Matter of R.H. v. A.M.*, 2024-Ohio-4479, ¶ 17 (5th Dist.), quoting *In re Etter*, 134 Ohio App.3d 484, 492 (1st Dist. 1998).

**{¶10}** "[T]he plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Mother failed to object to the magistrate's decision and has not argued plain error on appeal. "Appellant's failure to argue plain error at this juncture is fatal as we are constrained to review the trial court's actions for plain error only and appellant has failed

to cite legal authority and develop an argument as to the existence of an obvious defect in the proceedings that affected appellant's substantial rights." *Matter of R.H.* at ¶ 19, quoting *A.A. v. F.A.,* 2019-Ohio-1706, ¶ 22 (5th Dist.).

**{¶11}** In our review of the record, we do not find any error rising to the level of plain error as explained in *Goldfuss.*

**{¶12}** In addressing a motion for modification of a shared-parenting plan, "a trial court must determine (1) whether a change in circumstances has occurred, (2) whether termination or modification is in the child[ ]'s best interests, and (3) whether the advantage to the child resulting from the termination or modification outweighs any potential harm." *Baker-Chaney v. Chaney*, 2017-Ohio-5548, ¶ 23 (5th Dist.); *see also* R.C. 3109.04(E)(1)(a). The concept of "change in circumstances" is not defined in R.C. 3109.04. Ohio courts have held that "the phrase is intended to denote 'an event, occurrence, or situation which has a material and adverse effect upon a child." *Stein v. Anderson*, 2010-Ohio-18, ¶ 13 (5th Dist.), quoting *Rohrbaugh v. Rohrbaugh*, 136 Ohio App.3d 599, 604-605 (7th Dist. 2000).

**{¶13}** A trial court does not need to include the explicit language "change in circumstances" in its entry, but "it must be clear from the record that the trial court applied the appropriate factors." *Brumfield v. Brumfield*, 2018-Ohio-901, ¶ 49 (3d Dist.), citing *Nigro v. Nigro*, 2004-Ohio-6270, ¶ 6 (9th Dist.). "A change 'must be a change of substance, not a slight or inconsequential change;' however, the statute does not require a 'substantial' change." *Id.*, quoting *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

**{¶14}** In its entry in this case, the magistrate did not use the explicit words "change in circumstances." The magistrate did, however, make findings of a change in

circumstances. The magistrate noted that the nude photos of the child were taken while the child was in the care and custody of Mother and that Mother deleted the photos before any investigating authority could review them. The magistrate also noted that Father had not only reported an incident in which the child inappropriately touched his stepbrother but also reported that the child had indicated that his uncle DJ had similarly touched his — the child's — private area. The magistrate found that Mother had failed to properly supervise the child while the child was using the tablet and had violated a prior court order by permitting the child to be alone with the uncle.

{¶15} After reviewing the magistrate's decision and the evidence contained in the record, we find no plain error in the trial court's conclusion that a change had occurred in the circumstances of the child and that that change justified a modification of the original custody order in the case.

{¶16} "A modification of the designation of residential parent and legal custodian of a child requires a determination that a 'change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child." *Fisher v. Hasenjager*, 2007-Ohio-5589, syllabus. The magistrate's decision specifically found that it was in the child's best interest to be in Father's legal and residential custody.

{¶17} There are several factors listed in R.C. 3109.04(F)(1) that trial courts should consider when determining the best interest of a child. The trial court is not required to separately address each factor enumerated in the statute, and this court will presume that the trial court considered all of the relevant factors listed in R.C. 3109.04(F)(1). *Jillian F. v. Curtis C.*, 2018-Ohio-5373, ¶ 32 (5th Dist.). The magistrate's decision addressed the child's interaction and interrelationship with the child's parents, siblings, and other people

who could significantly affect the child's best interest, and that decision also included a discussion about the child's adjustments at home and school, the mental and physical health of the child and his parents, and the likelihood that Mother and Father would comply with court orders concerning parenting rights and visitation schedules.

**{¶18}** Again, considering the standard set forth in *Goldfuss*, we find no substantial error in the trial court's determination regarding the best interest of the child. 79 Ohio St.3d 116 at syllabus.

**{¶19}** For the reasons explained above, the judgment of the Juvenile Division of the Morrow County Court of Common Pleas is affirmed.

By: Gormley, J.

Montgomery, P.J. and

Popham, J. concur.